419 So.2d 194 (1982)
Charles Lee PERRY
v.
STATE of Mississippi.
No. 53816.
Supreme Court of Mississippi.
September 8, 1982.
*195 Mager A. Varnado, Jr., Gulfport, for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
Charles Lee Perry was convicted for the crime of embezzlement and sentenced as an habitual offender to serve ten years in the *196 state penitentiary by the First Judicial District of the Circuit Court of Harrison County. His appeal is based on an alleged denial of the rights to a speedy trial and assistance of counsel. We reverse.

I.
As a fifteen-year old in 1968, Perry was certified from the youth court to circuit court and pled guilty to charges of burglary and larceny. This resulted in the Harrison County Circuit Court sentencing him to one year in the state penitentiary. Subsequently, in 1975, he again pled guilty to similar charges from the same county and was sentenced to a five year term in the penitentiary. He was released on parole from the latter sentence in October of 1978.
On June 9, 1979, a 1975 Chevrolet Caprice automobile was stolen from a Harrison County citizen named Mack West. The car was eventually traced to Jackson, Mississippi, where it was located at the scene of a hit-and-run accident. Witnesses of the accident identified Charles Perry as the driver of the car. Perry was eventually apprehended by the Jackson police on July 25, 1979. The reason for the arrest was not clear in the record since Perry was wanted for parole violations, for the Harrison County charge, and for the "hit-and-run" accident. When notified of the arrest, Officer John McAdams of the Harrison County Sheriff's Department advised the Jackson police that authorities in Cleveland should have Perry first since he was a current suspect for burglary charges there which predated the automobile theft in Harrison County. Instead, Perry was first returned to Parchman after revocation of parole to serve out his prior sentence.
Meanwhile, the Harrison County felony charge against Perry was given to the district attorney's office of Harrison County on October 10, 1979, and was presented to the grand jury during that term, but no indictment was returned. However, on November 27, 1979, a detainer on the Harrison County charges was lodged at the Mississippi State Penitentiary by the Sheriff of Harrison County. No indictment was returned at the March 1980 session of the grand jury either but finally at the May 1980 session an indictment for grand larceny against Charles Lee Perry was returned. Nevertheless, Perry was never arraigned on this grand larceny indictment.
On July 31, 1980, Perry allegedly learned of the Harrison County detainer for the first time. Soon thereafter, he mailed a document styled "Demand to be returned for Trial/Motion to Dismiss/Demand for Trial/Motion for Appointment of Counsel" to the Sheriff of Harrison County. The document was prepared by the prison law library staff, and it contained a brief statement of the adverse conditions imposed on prisoners by detainers. The document stated in pertinent part:
EFFECTS OF DETAINER: The detainer interferes with Affiant's opportunities to participate in such programs as might decrease the length of his present term of confinement, or render the serving of it more bearable in that
(a) Mississippi Department of corrections inmates who have detainers lodged against them have reduced chances of being elevated to trusty status, and thus may lose opportunities to earn additional good-time or earned-time sentence reductions;
(b) Such inmates may not participate in the work-release program;
Furthermore, if affiant is held without trial on said detainer until his current sentence is completed, he will lose forever the chance that a sentence arising out of the detainer charge can be made to run concurrently with his present sentence.
The detainer, being unresolved, is a source of great anxiety to your affiant, causing him unrest and inability to plan for his future.
The above document was never filed with the circuit court at any time by the sheriff, nor was it acted upon. On December 23, 1980, the circuit judge ordered the Harrison County Sheriff to have Perry returned from Parchman for his trial date which was set on March 17, 1981.
*197 Perry's sentence at the state penitentiary on his prior charges was completed on February 9, 1981, when he was processed for discharge. However, he was not discharged because of the Harrison County detainer and was held until the next day when Harrison County officials transported him from Parchman to Harrison County. On February 22, 1981, Perry filed a petition for appointment of an attorney, which was granted on February 24, 1981. Perry's appointed counsel first filed a habeas corpus petition reciting that Perry had not been indicted nor arraigned and that there was no probable cause for detention. The petition was abandoned though when counsel learned of the May 1980 indictment, and a subsequent motion to dismiss was filed by counsel on March 10, 1981. This latter motion recited that Perry had previously filed a request for a speedy trial and an appointed attorney while still in the penitentiary, but it had not been acted upon for nearly two years.
The hearing on the motion to dismiss followed on March 12, 1981. On cross-examination by the district attorney, Perry testified, without objection, that "they (the Parole Board) was going to reinstate my parole if I didn't have a detainer against me. And they asked me to file for it, and if I got off it they were going to reinstate my parole." He also claimed that he had been prejudiced by the prosecution's delay since he had lost the opportunity for concurrent sentencing. The defendant's counsel additionally argued that some prejudice might arise, depending on Perry's memory of the events.
During this motion hearing, the original of the July 31, 1980 Parchman petition for a speedy trial and appointment of counsel was discovered in the district attorney's file. The appointed defense counsel had prior access to the district attorney's file, but this motion was not discovered until the morning of the hearing.
At the conclusion of the above testimony and arguments, the circuit judge overruled the motion to dismiss on the ground that in his opinion the prejudice shown did not arise to the degree of prejudice required by law to dismiss the charges. At this time defendant's counsel also made a request for bond reduction from $20,000.00. That request was denied by the trial court since Perry was charged as an habitual offender, and his trial date set for five days later was unchanged.
No trial was had on this charge on March 17, as scheduled, nor was a continuance sought or granted. Thus, Perry's counsel renewed his motion to reduce the bond on March 19, 1981. The motion alleged that the district attorney's office had nolle prosequied the current grand larceny charges and was planning to reindict the defendant at the May, 1981 term on embezzlement charges on the same facts. The motion for reduction of bond was denied, and the defendant remained incarcerated, although no longer being prosecuted on the grand larceny charge.
On May 20, 1981 the grand jury returned an indictment charging Perry with embezzlement for the alleged criminal activity occurring on June 9, 1979. Perry was arraigned on May 29, 1981 and was convicted by jury trial on June 15, 1981. Thus, Perry was convicted more than two years after the crime occurred.

II.
The appellant's first contention is that he was denied the right to a speedy trial. Extended pretrial delay in criminal litigation is frequently claimed by criminal defendants as a deprivation of a fundamental right, but such a claim is seldom held to violate the speedy trial guarantees contained in constitutional and statutory provisions. G. Joseph, Speedy Trial Rights in Application, 48 Fordham L.Rev. 611, 611 (1980). This no doubt results from the severity of the sole remedy recognized for violation of the denial of the right which calls for dismissal of the charges. Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973); Turner v. State, 383 So.2d 489 (Miss. 1980).
The speedy trial guarantee fulfills several purposes for the individual defendant. First, the guarantee enhances the fact-finding *198 process by making it more likely that evidence and memories of witnesses remain readily available. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). Second, the right prevents oppressive pretrial incarceration and it minimizes the anxiety and concern of the accused. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Obviously, these concerns can be both aggravated and compounded in the case of an accused who is imprisoned. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). "No court should overlook the possible impact pending charges might have on his prospects for parole and meaningful rehabilitation." Moore v. Arizona, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). Furthermore, the conditions under which an accused must serve his sentence, as in the instant case, may be greatly worsened by the pendency of an outstanding charge against him.
A defendant aggrieved by these delays may invoke several distinct sources of law in support of his right to a speedy trial. Perry based his argument on analogous Mississippi and United States constitutional guarantees. Miss.Const. art. 3, § 26; U.S. Const. amends. VI & XIV. But neither constitutional provision contains a time frame within which a trial must be held.
Mississippi, like most states, has enacted a statute setting forth a time limitation for a defendant's trial computing from date of arraignment. Our Legislature enacted section 99-17-1 of the Mississippi Code Annotated (Supp. 1981). The statute provides:
Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.
We held in Payne v. State, 363 So.2d 278 (Miss. 1978) that our speedy trial statute is plain and unambiguous, and it requires that the defendant be tried no later than 270 days after arraignment unless good cause be shown. Thus, under this statute, the time prior to arraignment is not computed to determine compliance with the statute. Davis v. State, 406 So.2d 795 (Miss. 1981); Turner v. State, supra.
In the instant case, the only arraignment occurred on May 29, 1981, and the trial followed on July 15, 1981. The time period involved was only 47 days. Thus, the 270 day maximum period allowed by section 99-17-1 was complied with insofar as the second indictment is concerned.
However, the analysis does not end here. There was never an arraignment on the first indictment of May, 1980. Therefore, the statutory time period of 270 days never began to run on the first indictment to insure speedy trial compliance; thus there was no violation of the statute.
However, if the statute is not violated, can we assume that the constitutional requirements are met? Obviously, if arraignment is delayed for a long period of time following an arrest, or indictment, or charge, an accused's right to a speedy trial could be denied even though there was strict compliance with the requirements of section 99-17-1. This Court must protect our constitutional guarantees where legislative statutes prove to be inadequate.
The constitutional right to a speedy trial, as opposed to section 99-17-1, attaches at the time of a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge. Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); Dillingham v. United States, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975). In other words, the right to a speedy trial applies only after a person has been accused. In the instant case, Perry became an "accused" when the detainer was lodged at Parchman on November 27, 1979.
Once this right attaches, the Barker balancing test adopted by this Court must be applied to determine whether the right to a speedy trial has been denied. Wells v. State, 288 So.2d 860 (Miss. 1974). *199 The Barker court identified four factors to be considered:
(1) Length of delay;
(2) Reason for the delay;
(3) The defendant's assertion of his right to a speedy trial; and
(4) Prejudice resulting to the defendant.
In addition, the United States Supreme Court cautioned that none of these individual factors could completely dispose of the issue. Instead, all four factors must be considered together. Under this analysis we have a very difficult case which tilts in Perry's favor.
(1) Length of delay: Perry became an "accused" with regard to the Harrison County charges on November 27, 1979, when the detainer was lodged at the Parchman penitentiary. His eventual trial on the embezzlement charge did not occur until June 15, 1981. The delay was, therefore, approximately 19 months, or 566 days. This is a rather substantial length of time when one considers the time periods required by other jurisdictions. See Federal Speedy Trial Act of 1974, 18 U.S.C.A. §§ 3161-74 (Supp. 1981) (indictment required within 30 days from arrest or summons; trial required within 70 days from indictment); Comment, The Speedy Trial Guarantee: Criteria and Confusion in Interpreting its Violation, 22 DePaul L.Rev. 839, 845-47 (1973) (discussion of attempts by states and federal courts to protect right to speedy trial by imposing short time limits between charge and trial).
(2) Reason for the delay: The second factor is perhaps more difficult to assess. It becomes highly important when the prosecution caused the delay as a result of a bad motive. Compare Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) (deliberate attempts by prosecution to injure defendant's case was clearly unjustifiable) with Strunk, supra (unintentional delays caused by overcrowded court dockets or understaffed prosecutors are among the factors to be weighed less heavily than intentional delay). Of course, if the defendant caused the delay, he will not be allowed to complain. In the case at bar, the prosecution provided no excuse for this delay. Where the defendant has not caused the delay, and where the prosecution has declined to show good cause for the delay, we must weigh this factor against the prosecution. It is the burden of the state to see that a defendant receives a speedy trial. Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970) (duty of charging authority is to provide a prompt trial); Smith, supra (right to speedy trial cannot be dispensed on ground that accused is serving time in another jurisdiction); Turner v. State, supra (state must show good cause for failure to bring defendant to trial within prescribed time).
(3) The defendant's assertion of his right: In the Barker case, this factor is afforded strong evidentiary weight. On July 31, 1980, Perry asserted his right for appointed counsel and speedy trial by mailing a request for the same to the sheriff upon learning of the sheriff's detention order. Is this mailing to the sheriff, rather than the circuit court sufficient? We answer affirmatively since it was the sheriff's detainer that was holding him. The request was received and was in the district attorney's file on the date of the hearing on the motion to dismiss. A state may not neglect the defendant's request.
In Cummings v. State, 219 So.2d 673 (Miss. 1969), this Court said, quoting from Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969):
In a separate concurring opinion by Mr. Justice Harlan we also find the statement: `I agree that a State may not ignore a criminal accused's request to be brought to trial... .'
[219 So.2d at 675].
(4) Prejudice to the defendant: Perry was prejudiced in serving a lengthy period of time at Parchman without the opportunity to participate in various rehabilitation programs due to the pendency of the Harrison County charges. He asserted loss of opportunity for concurrent sentences. But, this does not apply because concurrent sentences are permitted only when a defendant *200 is sentenced on different convictions at the same term. Miss. Code Ann. § 99-19-21 (1972). He also argued loss of memory. Our Court discussed prejudice in Wells v. State, supra, as follows, quoting from Barker, supra.
There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.
[288 So.2d at 863].

III.
In light of the above analysis we hold that Perry has been denied his right to a speedy trial, and therefore, the Harrison County charges must be dismissed and the conviction reversed. If no arraignment is had after becoming an accused, as in this case, then the constitutional guarantees of speedy trial as interpreted by the four pronged test in Barker come into play and arraignment must be within a reasonable time. Each case is a factual determination and we hold that under this factual situation such was violative of the defendant's constitutional right to a speedy trial. The defendant must be discharged.
Having discharged the defendant on the first issue, the second issue of right to counsel need not be addressed.
REVERSED AND DEFENDANT DISCHARGED.
PATTERSON, C.J., and SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, HAWKINS, BOWLING and DAN M. LEE, JJ., concur.