I agree that this conviction should be affirmed and that Spencer's constitutional and statutory rights to a speedy trial were not violated. Because I believe the majority *Page 1393 
opinion would launch this Court on a new course in the area of speedy trial law, I write separately to explain my disagreement with other conclusions offered by the majority opinion.
I would not, as the majority did, weigh heavily against Spencer his failure to timely assert his right to a speedy trial, nor would I find that compliance with the statutory 270-day rule is in any way a significant factor in determining whether Spencer's constitutional guarantee has been met.
An accused's assertion of his right to a speedy trial is one of four considerations used to determine whether the constitutional right to a speedy trial has been met. Flores v. State,574 So.2d 1314, 1322 (Miss. 1988) [citing Barker v. Wingo,407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972)]. We consider this factor because although the State has the primary duty to ensure that a defendant receives a speedy trial, a defendant also has some responsibility to assert his right.Wiley v. State, 582 So.2d 1008 (Miss. 1991) [citing Flores v.State, 574 So.2d 1314, 1323 (Miss. 1990)]; Trotter v. State,554 So.2d 313, 317 (Miss. 1989) [citing Barker v. Wingo, 407 U.S. at 529, 92 S.Ct. at 2191]. Heretofore, if a defendant failed to assert his right to a speedy trial, we weighed this factor against him "only lightly, if at all." Flores, 574 So.2d at 1323; Trotter, 554 So.2d at 317.
Spencer was not appointed counsel until a year and a day after his arrest. As noted by the majority, Spencer, prior to having counsel appointed, could have demanded a speedy trial. This assumes that Spencer knew that he had a right to a speedy trial and to whom he should make a demand. Logic suggests that the one purpose of having counsel appointed is to ensure that an accused is aware of his rights, including his right to a speedy trial.
In a recent case, we found that a defendant's failure to assert his right to a speedy trial until the day before trial would not be weighed against the defendant because the defendant "was practically without representation because of the changes in his attorney." Wiley, supra. Wiley is distinguishable because Spencer was appointed counsel at his arraignment, 171 days prior to trial. Therefore, I would not find, as in Wiley, that the accused's failure to assert his right should not be weighed at all against the defendant. However, I would weigh the failure only lightly against the defendant. The majority, contrary to precedent, weighs it heavily against the defendant and that is not the law in this jurisdiction. Spencer's failure to assert his right to a speedy trial until the eve before trial should be weighed against him "only lightly."
After concluding that under the Barker factors Spencer's constitutional right to a speedy trial was not violated, the majority adds that it also finds significant in its analysis the fact that there was no violation of the 270-day rule. The majority concedes that the constitutional right to a speedy trial and the statutory right to a speedy trial are not one and the same, and that long delays between the time of arrest and arraignment have the potential to violate a defendant's right to a speedy trial even though the 270-day rule is met. But then, despite the fact that over a year elapsed between Spencer's arrest and arraignment, the majority concludes that compliance with the statutory 270-day rule is a significant factor in determining whether Spencer's constitutional guarantee has been met.
This Court has not heretofore adhered to such a rule, seeSmith v. State, 550 So.2d 406, 408 (Miss. 1989) (cites omitted);Bailey v. State, 463 So.2d 1059, 1062 (Miss. 1985); Perry v.State, 419 So.2d 194 (Miss. 1982), and this case represents a prime reason why the Court should not now adopt one. When over a year elapsed after Spencer was arrested before the 270-day period even began to run, how can compliance with the 270-day rule have any bearing on whether Spencer's constitutional right to a speedy trial was met? Clearly it does not. One right runs from the date of arrest, the *Page 1394 
other from the date of arraignment. The two are separate and distinct, and should remain so.
The majority also attempts to "place the constitutional right to a speedy trial in the proper perspective" by quoting fromBarker, supra, that a long delay may actually benefit the accused, and therefore is not per se prejudicial. The majority ignores the fact that despite any advantage stemming from a lapse of time between arrest and trial, many defendants prefer an early trial. As noted by the United Supreme Court in United States v.Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), "the major evils protected against by the speedy trial guarantee exist apart from actual or possible prejudice to an accused's defense. To legally arrest and detain, the Government must assert probable cause to believe the arrestee has committed a crime. Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." United States v. Marion,
404 U.S. at 320, 92 S.Ct. at 463; see also, Barker v. Wingo,
407 U.S. at 537, 92 S.Ct. at 2195 (White, J., concurring). The proper perspective is for this Court to continue its recognition that the constitutional right to a speedy trial is a fundamental right which, because of its amorphous nature, requires a balancing of the particular circumstances of a particular case.
ROY NOBLE LEE, C.J., PRATHER and ROBERTSON, JJ., join this opinion.