SOUTHWICK, P.J,
concurring.
¶ 24. I agree that the statute requiring that a defendant be given a speedy trial has been violated. Since the trial court has already conducted a hearing and found that no prejudice resulted from that delay, I agree that there is no bar to the State seeking a new indictment. I concur in the result instead of join this opinion for the following reason. In my view the ruling on the statutory right does not eliminate the need to address Williams’s separate argument that a violation of his constitutional right to a speedy trial has occurred. If that violation occurred, there could be no reindictment, and he would need to be discharged from further jeopardy on this offense.
*283 ¶ 25. At the same hearing in which the trial court found that no statutory speedy trial rights had been infringed, the constitutional issue was analyzed. The United States Supreme Court multi-part test to determine whether a constitutional problem exists was applied. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). An adequate analysis of all four Barker factors was undertaken by the trial court. I review only one of them here.
¶ 26. The last part of the analysis examines the prejudice to the defendant from two perspectives. First, there is a possibility of prejudice arising from delay itself, including lost witnesses and evidence, dimmed memories, and other similar complications that affect the reliability of the fact-finding. Skaggs v. State, 676 So.2d 897, 901 (Miss.1996). Second, the defendant may suffer because of the restraints to his liberty. “[WJholly aside from possible prejudice to a defense on the merits, [delay] may seriously interfere with the defendant’s liberty, whether he is free on bail or not, and ... may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.” Atterberry v. State, 667 So.2d 622, 627 (Miss.1995).
¶ 27. Williams made no showing of prejudice but rather contended that it is presumed due to the fact that the delay was greater than eight months. He is correct that a defendant does not bear the burden of proving prejudice. When the length of delay is presumptively prejudicial, the burden of persuasion is on the State to show that the delay did not prejudice the defendant. Duplantis v. State, 708 So.2d 1327, 1335 (Miss.1998). However, if the defendant fails to make a showing of actual prejudice to his defense, this prong of the balancing test cannot weigh heavily in his favor. Id.
¶ 28. The trial judge found no prejudice to Williams, reasoning that:
[B]ecause the event was recorded on videotape and there were very few things that really — it was a matter of interpretation, I guess as to the defendant’s actions in this particular case as to whether he did or didn’t attempt to rob this person. So, I don’t think that that really, the delay, in any way had much of anything to do with his defense or ability to put up a defense.
¶ 29. In a brief submitted to the lower court, Williams admitted that the crime with which he was charged was videotaped which presumably eliminates the problem of lost witnesses and dimmed memories. Williams further acknowledged that he was free on bond during the time leading up to his trial but contended that there is some anxiety “inevitably present” even where a defendant fails to complain of such. Because Williams fails to demonstrate actual prejudice, this prong of the balancing test does not weigh heavily in his favor.
¶ 30. After reviewing all of the factors, I find that the trial court properly denied the constitutional speedy trial claim. Though primarily caused by the State, the reasons for the delay were valid and there has been no showing of actual prejudice by Williams.
¶ 31. I concur in the result since the likely outcome of the remand will also leave Williams subject to a new indictment.
McMILLIN, C.J., BRIDGES AND IRVING, JJ„ JOIN THIS SEPARATE OPINION.