MYERS, J.,
for the court.
¶ 1. James Hill petitioned the Circuit Court of Clay County for post-conviction relief on October 3, 2001. His petition was denied. Hill now appeals the decision claiming he was denied his right to a speedy trial and that he received ineffective assistance of counsel.
FACTS
¶ 2. James L. Hill pled guilty to aggravated assault and the sale of cocaine in the Circuit Court of Clay County in January 2001. He was represented by counsel and the Honorable Lee J. Howard presided. Hill’s petition to enter a guilty plea on each offense was entered with the assistance of counsel. The record reflects the fact that Hill acknowledged he understood that his rights were waived by pleading guilty. Hill also conceded that he understood the possible length of the sentences that could be imposed. He then admitted to the court that he shot at one person and hit another. Hill’s counsel stated on the record that he had advised Hill of his constitutional rights and indicated that he believed that his client understood these rights.
¶ 3. Hill was sentenced to serve fifteen years in addition to another fifteen year sentence to be served consecutively.
DISCUSSION
¶ 4. Hill asserts that his right to a speedy trial was violated. However, he offered no proof of this assertion for the circuit court or this Court to consider. He was arraigned on October 14, 1999, and pled guilty on January 11, 2000. Missis *745 sippi Code Annotated § 99-17-1 (Rev. 2000) states that indictments are to be tried within 270 days of arraignment. There was not enough time between these dates to violate his right to speedy trial. In addition, there is no documentation supporting this notion. This issue is without merit.
¶ 5. Hill also has a constitutional right to a speedy trial guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution of 1890. A defendant’s constitutional right to a speedy trial attaches at the time a person has been effectively accused of a crime. Mitchell v. State, 792 So.2d 192, 210 (¶ 67) (Miss.2001); Simmons v. State, 678 So.2d 683, 688 (Miss.1996); Skaggs v. State, 676 So.2d 897, 900 (Miss.1996); State v. Magnusen, 646 So.2d 1275, 1278 (Miss.1994); Noe v. State, 616 So.2d 298, 300 (Miss.1993); Bailey v. State, 463 So.2d 1059, 1062 (Miss.1985); Perry v. State, 419 So.2d 194, 198 (Miss.1982).
¶ 6. There is a four-part test used by the courts in determining if a speedy trial violation has occurred: (1) length of the delay; (2) reason for the delay; (3) the defendant’s assertion of his rights; and (4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Mitchell v. State, 792 So.2d at 211 (¶ 70). No single factor is dispositive. Skaggs v. State, 676 So.2d 897, 900 (Miss.1996). The appellate court looks at the totality of the circumstances in determining whether a defendant’s rights have been violated. Watts v. State, 733 So.2d 214, 235 (¶ 61) (Miss.1999); Herring v. State, 691 So.2d 948, 955 (Miss.1997); Flores v. State, 574 So.2d 1314, 1322 (Miss. 1990); Trotter v. State, 554 So.2d 313, 316 (Miss.1989).
¶ 7. The Mississippi Supreme Court has held that any delay of eight months or longer is presumptively prejudicial. Sharp v. State, 786 So.2d 372, 380 (¶ 15) (Miss. 2001); Birkley v. State, 750 So.2d 1245, 1249 (¶ 14) (Miss.1999); Jenkins v. State, 607 So.2d 1137, 1139 (Miss.1992); Flores, 574 So.2d at 1322; Jaco v. State, 574 So.2d 625, 630 (Miss.1990). The starting date to measure delay under a person’s Sixth Amendment guarantee of a speedy trial is when that person was “accused.” This can be an arrest, an indictment, or any formal charge, whichever is the first to occur. United States v. Marion, 404 U.S. 307, 313-15, 320, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) (stating arrest or formal charges begin speedy trial period); Box v. State, 610 So.2d 1148, 1150 (Miss.1992).
¶ 8. A lengthy Barker analysis of Hill’s situation is not necessary. The only evidence in the record relates to the first Barker factor, the length of the delay. While Hill claims that he was arrested on March 16, 1999, there is no evidence in the record of the starting date of his incarceration. As such, the only relevant date this Court has is that of his indictment, October 14,1999. This date is eighty-nine days before the date of Hill’s guilty plea. While Hill may find this to be an excessive delay, it certainly falls short of the eight-month mark. In this day of clogged dockets, this Court finds eighty-nine days between indictment and trial to be quite reasonable. Lacking any evidence on the remaining Barker factors, this Court finds Hill’s constitutional speedy trial claim to be without merit.
¶ 9. Hill also claims that he received ineffective assistance of counsel. In this state, the responsibility rests with Hill to prove the two prongs of the test adopted in Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). The two prongs are there must be a showing that counsel’s *746 representation was deficient and that the deficiency prejudiced Hill’s defense. Brown v. State, 798 So.2d 481, 493 (¶ 14) (Miss.2001). The second prong requires a showing of a reasonable probability that but for the error of his counsel, his plea and sentence would have been different. Id.
¶ 10. Hill has failed to meet either of these requirements. He has only presented his views in hindsight with no support of his assertions. We find no error.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER and BRANTLEY, JJ., concur.