DICKINSON, Presiding Justice,
dissenting:
¶ 72. For the same reasons I stated in my dissent in Johnson v. State[3] — wherein I pointed out that the right to a speedy trial is dead and gone in the State of Mississippi — I dissent.
¶ 73. In recent years, this Court has eroded the United State Supreme Court’s Barker v. Wingo[4] balancing-test analysis to the extreme. Barker requires courts considering a speedy-trial violation to analyze and balance four factors: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right; and (4) whether the delay caused actual prejudice.[5] One can hardly call it balancing in Mississippi, where three of the four factors are on the defendant’s side of the scale of justice, the fourth factor is slightly, if at all, on the State’s side, and the State wins anyway.

Length of delay

¶ 74. The majority concedes that twenty-six is more than eight, and that, because an eight-month delay is presumptively prejudicial, and because the twenty-six-month delay between Franklin’s arrest *1039 and his trial is more than three times the number of months necessary to be presumptively prejudicial,[6] the first factor weighs in favor of Franklin.

Reason for delay

¶ 75. Both Franklin and the State contributed to the delay. But under the facts of this case, it certainly cannot be argued that Franklin was mostly at fault. And since the State has the ultimate burden of bringing Franklin to trial,[7] the reasons for the delay must weigh, even if only slightly, in favor of Franklin.

Assertion of the Right

¶ 76. Initially, the readers of this dissent should know that Franklin did, in fact, demand a speedy trial. In fact, he actually stated to the trial court that he “demanded and or filed for a speedy trial and wants his wish granted.” The majority discards this language for reasons it fails to disclose. One can assume the reason is because Franklin’s motion is styled “Motion to Dismiss Charges For Failure To Provide A Fast And Speedy Trial.” The majority fails to tell us why it abandons this Court’s usual practice of ignoring titles and looking to the substance of pleadings.
¶ 77. This Court, in recent cases, draws an arbitrary, unexplainable distinction between a defendant’s motion to dismiss for lack of a speedy trial and a defendant’s motion demanding a speedy trial. According to the majority, only the latter weighs in the defendant’s favor.[8] To explain this distinction, the majority leans on a holding by the United States Court of Appeals for the Fifth Circuit, which explains that a motion to dismiss for a lack of a speedy trial is an assertion of the remedy for a speedy-trial violation — not an assertion of the right to a speedy trial.[9] I have two problems with this doctrinaire view.
¶ 78., First, it escapes me how one can file a motion to dismiss a case for violating a right that the person does not claim to have. In essence, the majority takes the odd view that Franklin was saying to the trial court that he was entitled to a dismissal based upon a speedy-trial claim, but he was not saying he had a right to a speedy trial. The majority fails to inform us upon what basis Franklin argued he was entitled to dismissal, if it was asserting that he had a right to a speedy trial.
¶ 79. Second, the majority fails to consider that many defendants — including Franklin in this case — file these motions pro se, and their lack of a legal education does not justify denying their constitutional rights, simply because they used phraseology that the majority finds unsuitable. I have seen many lawyers punished less for far more egregious errors in pleadings.
¶ 80. Franklin filed not one, but four, pro se motions seeking dismissal for lack of a speedy trial. In his motion to “dismiss,” Franklin states that he “demanded and or filed for a speedy trial and wants his wish granted.” When one “demands” a speedy trial, he generally is thought to be asserting a right to one. Can anyone doubt he was asserting his right to a speedy trial? And what about the trial court’s response to the motions? A trial *1040 judge, faced with a motion to dismiss for failure to provide a speedy trial, could certainly be expected to know the defendant wants a speedy trial and, if not, grant the motion, or at least to go ahead and set the matter for trial.
¶ 81. During four cycles of motions to dismiss for the State’s failure to provide a speedy trial, that certainly did not happen here. Under the majority’s analysis, had Franklin changed the word “dismiss” to “demand,” then three of the four Barker factors would weigh in Franklin’s favor. I decline to seize on this meaningless distinction.
¶ 82. The delay in bringing Franklin to trial became presumptively prejudicial after eight months. Franklin filed his motion within the next ninety days. After he filed his motion, it was another fifteen months before he was finally brought to trial.
¶ 83. The presumption of prejudice does not occur until after eight months of pretrial incarceration.[10] So, under the majority’s framework, a defendant who must wait eight months to become presumptively prejudiced, has waited too long if he lets another three months go by, never mind that it is the State that has the burden and duty to bring him to trial. I find this narrow, three-month window for a defendant to assert his right to a speedy trial to be arbitrary, unfounded, and unexplainable. I would weigh this factor in favor of Franklin.

Prejudice

¶ 84. The Barker court outlined three interests that the right to a speedy trial is meant to protect: (1) prevent oppressive pretrial incarceration; (2) minimize anxiety and concern of the accused; and (3) limit the possibility that the defense will be impaired.[11] The United States Supreme Court has held that minimizing oppressive pretrial incarceration and anxiety is exactly what the Sixth Amendment right to a speedy trial was designed to do:
The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.[12]
¶ 85. The majority, however, finds that because Franklin’s pretrial anxiety did not hinder his defense-a completely separate factor for consideration-such anxiety weighs neutrally. Franklin was incarcerated for twenty-six months prior to his trial; he missed his farther’s funeral; his wife divorced him; and he lost his home. Clearly, Franklin suffered an impairment of his liberty and a disruption in his life, resulting in substantial anxiety.
¶ 86. More significantly, even though Franklin could not locate a witness, the majority speculates that his defense was not impaired. The majority reaches this dubious conclusion by further speculating that the witness’s testimony would have been similar to other testimony offered by defense witnesses.
¶ 87. Recently, this Court has held that “the possibility of impairment of the defense is the most serious consideration in determining whether the defendant has suffered prejudice as a result of the delay.” [13] This Court will find prejudice to a defendant’s defense where “there was a *1041 loss of evidence, the death of a witness, or the investigation became stale.”[14]
¶ 88. So, not only was Franklin subject to twenty-six months of pretrial incarceration which unquestionably hampered his ability to defend himself, but also, because of the delay, he was unable to locate a witness who saw him and the victim on the night of the incident. At a hearing on the matter, testimony indicated that a favorable witness was no longer able to be located.. This is precisely the situation in which this Court has held it would find actual prejudice to a defendant’s ease. But instead of finding actual prejudice, the majority finds a way to marginalize the value of the lost witness by speculating that his testimony would have been insignificant to the defense.
¶ 89. Because I find the loss of a witness is the most severe form of prejudice to a defendant’s defense, I would weigh this factor in favor of Franklin, causing all four Barker factors to favor Franklin. Accordingly, I would find that his constitutional right to a speedy trial was violated.
KITCHENS AND KING, JJ., JOIN THIS OPINION.

. Johnson v. State, 68 So.3d 1239, 1247 (Miss.2011) (Dickinson, P.J., dissenting).

. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

.Id. at 530, 92 S.Ct. 2182.

. Perry v. State, 637 So.2d 871, 874 (Miss.1994) (holding "an eight-month delay is presumptively prejudicial”) (citing Smith v. State, 550 So.2d 406, 408 (Miss.1989)).

. Vickery v. State, 535 So.2d 1371, 1377 (Miss.1988) (holding "It is the burden of the State to see that a defendant receives a speedy trial.”) (quoting Perry v. State, 419 So.2d 194, 199 (Miss.1982)).

. Perry, 637 So.2d at 875; (see also Adams v. State, 583 So.2d 165, 169-70 (Miss.1991)).

. U.S. v. Frye, 489 F.3d 201, 211-12 (5th Cir.2007).

. Perry, 637 So.2d at 874.

. Barker, 407 U.S. at 532, 92 S.Ct. 2182.

. United States v. MacDonald, 456 U.S. 1, 8, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696 (1982).

. Johnson, 68 So.3d at 1245.

. Id. (citing State v. Magnusen, 646 So.2d 1275, 1285 (Miss.1994)).