607 So.2d 1137 (1992)
Larken JENKINS
v.
STATE of Mississippi.
No. 90-KA-0163.
Supreme Court of Mississippi.
August 19, 1992.
Richard V. Dymond, Gulfport, F. Irvin Dymond, New Orleans, for appellant.
*1138 Michael C. Moore, Atty. Gen., Mary Margaret Bowers, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and BANKS, JJ.
SULLIVAN, Justice, for the Court:
Larken Jenkins was charged by indictment on April 18, 1989, with being an accessory before the fact to robbery. After a trial on the merits he was convicted and sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections. He next moved for a new trial or in the alternative for JNOV, but this motion was overruled. Jenkins subsequently perfected an appeal to this Court, requesting a determination of the following issues:
1. Whether the Appellant was denied his right to a speedy trial as guaranteed by the sixth and fourteenth amendments to the United States Constitution and by article 3, section 26 of the Mississippi Constitution;
2. Whether the trial court erred by allowing into evidence the Appellant's statement;
3. Whether the trial court erred by allowing hearsay statements of Willie Cooper into evidence; and
4. Whether the State failed to meet its burden of proof and whether the verdict is against the overwhelming weight of the evidence.
As our determination of the first issue is dispositive, we will not address the remaining issues presented. This also eliminates the need for a statement of the facts surrounding the robbery.

WHETHER THE APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND BY ARTICLE 3, SECTION 26 OF THE MISSISSIPPI CONSTITUTION.
A trial judge's finding is entitled to the same deference as a jury verdict and will not be reversed upon appeal unless manifestly wrong. Walters v. Patterson, 531 So.2d 581, 583 (Miss. 1988); Rives v. Peterson, 493 So.2d 316, 317 (Miss. 1986).
"[F]or constitutional purposes, the right to a speedy trial attaches and time begins to run with arrest." Handley v. State, 574 So.2d 671, 674 (Miss. 1990), citing Smith v. State, 550 So.2d 406, 408 (Miss. 1989). Once the right has attached, this Court must analyze the facts of the case in accordance with Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to determine whether the right has been denied. Handley, 574 So.2d at 674.
First, we must calculate the time periods. Second, we must analyze those time periods in light of all circumstances, including the conduct of both the prosecution and the defendant, in conjunction with the Barker factors: (1) length of the delay; (2) reason for the delay; (3) defendant's timely assertion of his right to a speedy trial; and (4) resulting prejudice to the defendant. [cite omitted] Third, we must weigh each of these factors in light of the particular facts of the case, keeping in mind that it is often "impossible to determine with precision when the right has been denied." Barker, 407 U.S. at 521, 92 S.Ct. at 2187.
Handley, 574 So.2d at 674. Any delay in prosecution which is attributable to the defendant tolls the running of time. Id.
First we calculate the time between Jenkins' arrest in July, 1987, and his trial in January, 1990, which totals two and one-half years. (Although the record is unclear on the date of arrest, both parties agree that the date of arrest was July, 1987.) To determine whether this delay between arrest and trial denied Jenkins his constitutional right to a speedy trial, we must weigh the facts of his case in light of the Barker factors. Handley, 574 So.2d at 676.

BARKER FACTORS

1. Length of Delay
This factor, referred to as the "triggering mechanism," will prompt further inquiry under Barker only if the delay is *1139 presumptively prejudicial. Smith v. State, 550 So.2d 406, 408 (Miss. 1989). In general, a delay of eight months or longer is considered presumptively prejudicial. Spencer v. State, 592 So.2d 1382, 1387 (Miss. 1991); Smith, 550 So.2d at 408. It follows that two and one-half years is also substantial enough to require a balancing of all the Barker factors.

2. Reason for the Delay
As stated above, both parties agree that Jenkins was arrested in July, 1987. At the time, he was a resident of Robert, Louisiana. An attempt at extradition was made and denied in July of 1987. A second (successful) attempt at extradition was made in September  October, 1988. No explanation for the delay between extradition proceedings was offered by the State other than the fact that Jenkins had vigorously defended against such attempts. Jenkins' counsel agreed that he resisted extradition from Louisiana. The State claimed that the grand jury did not take up any cases in January of 1989, therefore Jenkins was indicted in April, 1989. Although several grand juries had been impaneled since the time Jenkins was arrested, the case was presented to the first grand jury that heard criminal matters after Jenkins was brought to Mississippi. Although a court term passed where Jenkins could have been presented for arraignment, he was not arraigned until August, 1989, which the State claims is the fault of his attorney, who agreed to the delay because of scheduling conflicts. Jenkins also instituted a motion for change of venue. And in August, 1989, the parties agreed that trial be set for January, 1990.
Where the defendant has not caused the delay and the State does not show good cause for that delay, this Court weighs this factor against the prosecution. Handley v. State, 574 So.2d 671, 676 (Miss. 1990); Smith v. State, 550 So.2d 406, 409 (Miss. 1989); Vickery v. State, 535 So.2d 1371, 1377 (Miss. 1988). It is the State's burden to see that a defendant receives a speedy trial. Vickery, 535 So.2d at 1377. However, any delay unintentionally caused by the State will not be weighed as heavily against the prosecution as where the delay was intended to hurt the defendant's case. Williamson v. State, 512 So.2d 868, 876 (Miss. 1987). The defendant may not later complain of any delay caused by him. Handley, 574 So.2d at 676; Williamson, 512 So.2d at 876.
Delays caused by Jenkins, of which he will not now be heard to complain, are the time it took to hear and decide the two extradition proceedings which he opposed, the four months arraignment was delayed (Franklin County Circuit Court terms in 1989 were in January, April, and August), the time lost to the change of venue motion and the delay due to the agreed upon trial date. The first extradition proceeding was held in the month of July, 1987. The precise delay caused by the first extradition proceeding is not ascertainable from the record, but was at most one month. The second extradition proceeding was instituted in September and culminated in Jenkins' extradition in October. It appears from the record that the motion for change of venue did not cause any delay as it was presented for hearing on August 28, 1989, at the time of the arraignment, and an agreed order moving the trial to Pike County was filed on that same date. The trial date of January, 1990, was agreed upon in August, 1989, at the time of arraignment. Although no trial date had previously been set, we will lodge the five months from August to January against Jenkins. This gives a total of eleven months delay that is chargeable to Jenkins.
Delays not caused by Jenkins and for which the State failed to show good cause are the more than one year period between extradition proceedings and the year and nine months between Jenkins' arrest and his indictment. The State claimed that Jenkins' opposition to extradition caused the first delay but that claim is without merit. Jenkins' opposition to extradition may have caused delay for the time it took the extradition proceedings to be heard and decided, but his actions in no way can be blamed for the State's failure to act for over one year between proceedings. *1140 As an excuse for its failure to indict Jenkins until April, 1989, although he was arrested in July, 1987, the State says the case was presented to the first grand jury hearing criminal cases which was impaneled after Jenkins had been extradited to Mississippi. This is not good cause for such a delay because Jenkins' presence in the state was not necessary for him to be indicted by a grand jury here. It follows that this one year and nine month delay (as the two periods mentioned above overlap one another) is chargeable to the State.
Although it is noted that Jenkins caused eleven months of the two and a half year delay, it is more difficult to overlook the one year and nine month delay caused by the State without good cause. It was the State's burden to see that Jenkins was afforded a speedy trial. Smith, 550 So.2d at 409. It failed to meet this burden in this case.

3. Defendant's Assertion of His Right to a Speedy Trial
This factor is significant because the right to a speedy trial is subject to a knowing and intelligent waiver. Vickery, 535 So.2d at 1377. This Court will "indulge every reasonable presumption against the waiver of a constitutional right." Id., quoting Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393, 57 S.Ct. 809, 812, 81 L.Ed. 1177, 1180 (1937). Even when a defendant fails to assert his right to a speedy trial he does not permanently waive this right. Vickery, 535 So.2d at 1377.
As Jenkins asserted his right to a speedy trial in January, 1989, one year prior to his trial, there was no waiver of the right and resort to presumptions against such a waiver is not necessary. This factor weighs in favor of Jenkins.

4. Prejudice to the Defendant
Prejudice is assessed in light of the interest of the defendant which the right to a speedy trial is designed to protect: 1) prevention of oppressive pre-trial incarceration 2) minimization of anxiety and concern of the accused and 3) limitation of the possibility of impairment of defense.
Vickery, 535 So.2d at 1377.
Not only did Jenkins suffer anxiety and concern regarding his charge for an unduly long period of time, but his defense was substantially impaired. First, Willie Cooper, the only person alleged to have said that Jenkins gave Johnny Neal, Jr. directions to the Worthey home, died before Jenkins was brought to trial and the right to cross examine was destroyed.
Frankie Cooper, Willie Cooper's mother, testified that Willie told her within days of the robbery that he and Johnny Neal had robbed the Wortheys and that she should warn Gary Cooper not to go back for more work on the Worthey home. In the course of telling her about the robbery, Willie also said that Larken Jenkins had told Johnny Neal (not Willie Cooper) that Mrs. Worthey had a lot of money in her house. That was multiple hearsay. Mrs. Cooper also testified that Willie told her that he and Johnny Neal had to stop and call Larken for directions to the Worthey house on their way to perform their crime.
Assuming the correctness of the trial judge's ruling in admitting this testimony into evidence, irreversible prejudice was done to Larken Jenkins in that he had no opportunity whatsoever to cross-examine Johnny Neal and cross-examination of Mrs. Worthey on a statement Willie Cooper said Johnny Neal made would be fruitless.
Also, while the statement of Willie Cooper to his mother might well have been against his penal interest and therefore admissible in any criminal trial of Willie Cooper, it would not be admissible against Larken Jenkins.
That hearsay testimony is the only thing that links Larken Jenkins as an accessory before the fact to the burglary that was committed.
Also, Pam Cooper, a witness in the case, admitted that her memory was not as good at the time of trial as it had been earlier. Jenkins has clearly shown prejudice as a result of the State's delay in bringing him to trial.

*1141 5. Conclusion
All Barker factors weigh in favor of Jenkins. Balancing the four factors, this Court finds that Jenkins was denied his Constitutional right to a speedy trial. The only remedy for denial of the right to a speedy trial is dismissal of the charges against the defendant. Smith, 550 So.2d at 409. As the circuit judge was manifestly wrong, we reverse Jenkins' conviction, vacate his sentence, and dismiss the charge against him with prejudice.
CONVICTION REVERSED; SENTENCE VACATED AND APPELLANT DISCHARGED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., not participating.