BRIDGES, J.,
for the Court.
¶ 1. James Jackson was convicted in the Circuit Court of Pike County on the charge of aggravated assault in violation of Mississippi Code Annotated section 97-3-7 (Rev.2000). Jackson now appeals to this Court claiming that he received ineffective assistance of counsel when trial counsel failed to file a motion of dismissal for failure to provide a speedy trial.
STATEMENT OF THE ISSUE
WHETHER THE PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
ANALYSIS
¶2. According to the indictment, Jackson committed aggravated assault on or about April 28, 1998. A warrant for his arrest was issued on that same day but he could not be found. Jackson was finally arrested in October of 2001 and the indict *1049 ment against Jackson was returned on February 21, 2002. A trial on the charges was held on Aprill6, 2002. Jackson claims that his attorney should have moved for a dismissal of the indictment against Jackson on speedy trial grounds. He argues that in light of the fact that more than four years had passed between the date of the offense and the date of the indictment and trial, it was incumbent on trial counsel to file a motion for dismissal and that failure to do so fell below the standard of practice and resulted in Jackson’s basic rights being violated.
¶ 3. The Supreme Court of the United States in the case of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), clearly set the guidelines for judicial determination of cases involving effective or ineffective assistance of counsel.
¶4. There are two components that Jackson must prove in order for his claim of ineffective assistance of counsel to prevail and require reversal of his conviction. First, he must show that his “counsel’s performance was deficient.” Id. Second, he must show the “deficient performance prejudiced the defense.” Id. This requires a showing that “counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.” Id. In regards to this second prong, Jackson must show that there is a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052; see Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985); Stringer v. State, 454 So.2d 468, 477 (Miss.1984). Jackson must prove both of these elements in order to succeed on his claim. Id. Each case should be decided based on the totality of the circumstances, that is, by looking to the evidence in the entire record. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990); Stringer, 454 So.2d at 476. Should we find that Jackson’s counsel was ineffective, the appropriate remedy is remand for a new trial. Moody v. State, 644 So.2d 451, 456 (Miss.1994).
¶ 5. We find that Jackson’s argument has no merit and we believe he is under a misapprehension of when time on the constitutional speedy trial clocks began to run. Jackson is under the impression that time for speedy trial purposes began running at' the time he committed the felony. However, this is simply not the case.
¶ 6. Jackson’s right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, Article 3, Section 26 of the Mississippi Constitution of 1890, as well as by statute. See Miss.Code Ann. § 99-17-1 (Rev.2000). When there is an allegation that the right to a speedy trial has been violated, the courts of this State will follow the four-factor analysis set out in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); The Barker test looks at four issues: (1) length of delay; (2) reason for delay; (3) defendant’s assertion of the right to a speedy trial, and (4) prejudice to the defendant by the delay. No single factor is dispositive. Id.; Wiley v. State, 582 So.2d 1008, 1011 (Miss.1991). “The weight given each necessarily turns on the facts and circumstances of each case, the quality of evidence available on each factor, and, in the absence of evidence, identification of the party with the risk of nonpersuasion.” Skaggs v. State, 676 So.2d 897, 900 (Miss.1996); Stogner v. State, 627 So.2d 815, 818 (Miss.1993).
Length of Delay
¶7. Time, for purposes of the speedy trial clause of the Sixth Amendment, the Mississippi Constitution and pursuant to the laws of the State of Missis *1050 sippi as provided by Mississippi Code Annotated section 99-17-1, does not begin running until an arrest is made or an indictment returned or information filed. Birkley v. State, 750 So.2d 1245, 1249(¶ 11) (Miss.1999); Perry v. State, 419 So.2d 194, 198 (Miss.1982). In the present case, Jackson’s right attached at his arrest. Presumptive prejudice, triggering inquiry into the remaining Barker factors, arises where there has been a delay of eight months or more before trial. Jenkins v. State, 607 So.2d 1137, 1139 (Miss.1992). Approximately one hundred and ninety-seven (197) days elapsed between Jackson’s arrest and trial. This number is well below the statutory limit of 270 days. Aside from the fact that a delay of eight months had not occurred in Jackson’s trial, his attorney obviously recognized that he had no basis for filing such motion.
¶ 8. The greatest part of the “delay” between the commission of the felony and trial was directly and solely the consequence of Jackson’s flight. Had there been a consideration of the Barker factors, the “length of delay” and “reasons for delay” would surely have weighed heavily against Jackson. As for the “demand for trial,” Jackson never made one.
¶ 9. In accordance with the aforementioned facts and caselaw, we find Jackson’s issue is without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE FIRST EIGHTEEN YEARS TO SERVE AND THE REMAINING TWO YEARS TO BE SERVED ON POST-RELEASE SUPERVISION, FINE OF $5,000, RESTITUTION TO VICTIM FOR MEDICAL EXPENSES, $2,500 TO CRIME VICTIM’S COMPENSATION FUND, AND OTHER FEES IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER, AND GRIFFIS, JJ., CONCUR.