750 So.2d 540 (1999)
Ray Anthony ELDER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00399-COA.
Court of Appeals of Mississippi.
June 22, 1999.
Rehearing Denied September 21, 1999.
Certiorari Denied February 3, 2000.
*541 Donald A. Smith, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND DIAZ, JJ.
KING, P.J., for the Court:
¶ 1. Appellant Ray Anthony Elder was convicted of sale of a controlled substance in violation of Miss.Code Ann. § 41-29-139(a)(1)(Rev.1993), and sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Elder appeals and assigns two points of error. This Court quotes these errors verbatim:
I. THE DEFENDANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL AS SECURED BY THE LAWS AND CONSTITUTION OF THE STATE OF MISSISSIPPI AND THE UNITED STATES, AND SECTION 99-17-1 OF THE MISSISSIPPI CODE ANNOTATED.
II. THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Finding no error, this court affirms the circuit court judgment.

*542 FACTS
¶ 2. Investigators April Nelson of the Biloxi Police Department and Joseph Pevey of the Harrison County Sheriffs Department conducted controlled drug buy operations as members of the Multi-Jurisdictional Narcotics Task Force, a cooperative force comprised of representatives from the Biloxi, Gulfport, and Long Beach police departments and the Harrison County Sheriffs Department for the purpose of arresting individuals involved in drug activity in Harrison County.
¶ 3. On the evening of January 5, 1993, Investigator Pevey drove to the parking lot of a Biloxi grocery store. Pevey's car was equipped with a video camera, tape recorder, and microphone. Elder approached Pevey's vehicle, who then told Elder that he was interested in a "twenty".[1] Elder indicated a desire to get into Pevey's vehicle in order to go get the cocaine. When Pevey declined this request, Elder agreed to retrieve it and meet Pevey around the corner from the store.
¶ 4. Pevey drove to the agreed area and waited for Elder. While waiting for Elder, Pevey attempted to make drug purchases from other individuals in that area. After Elder arrived, Pevey followed him to another street and waited while Elder crossed the street to meet with another individual. Elder returned to the car and handed Pevey crack cocaine. Pevey gave Elder a twenty dollar bill as payment for the crack. The serial number from this bill had been copied prior to issue to Pevey by Nelson.
¶ 5. After purchasing the cocaine from Elder, Pevey met Nelson at a prearranged location. He gave the cocaine to her along with a videotape of the transaction. Nelson placed the cocaine into a bag which both investigators initialed. Nelson later transferred the cocaine to the Mississippi Crime Lab.
¶ 6. Elder was arrested on February 19, 1993 and later indicted for the sale of cocaine. A jury found him guilty as charged. Elder's motion for judgment notwithstanding the verdict and/or new trial having been denied, he now appeals the circuit court judgment.

ISSUES

I. Was Elder denied his right to a speedy trial as secured by the constitutions of the State of Mississippi and the United States, and Section 99-17-1 of the Mississippi Code Annotated?
¶ 7. A criminal defendant's right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Article 3, § 26 of the Mississippi Constitution of 1890. Speedy trial issues are analyzed by applying the factors detailed in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The four Barker factors include (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. Skaggs v. State, 676 So.2d 897, 900 (Miss.1996). No single factor controls. Id. Furthermore, the court is not strictly limited to consideration of the Barker factors. State v. Magnusen, 646 So.2d 1275, 1278 (Miss.1994). Alleged violations of the right to a speedy trial are decided on a case by case basis, weighing the facts and circumstances and the conduct of the prosecution and the defense. McGhee v. State, 657 So.2d 799, 804 (Miss.1995); Giles v. State, 650 So.2d 846, 851 (Miss.1995).
¶ 8. Elder also argues that his conviction should be overturned because Mississippi law, specifically Miss.Code Ann. § 99-17-1 (Rev.1994), requires that a defendant's trial should begin within 270 *543 days following arraignment. Elder charges that 974 days elapsed from his arraignment until trial. However, the 270-day requirement may be waived if good cause can be shown for the delay. Giles, 650 So.2d at 851. As explained below, the delays in the present case resulted from numerous continuances due to attorneys' withdrawals, Elder's skipping bond, and the psychiatric evaluation. Therefore, none of that time should be charged to the State. While some of the final 139 days before trial might be charged to the State, that delay does not violate the 270-day requirement, and we find no basis to reverse Elder's conviction under the Mississippi statute.
¶ 9. In regard to the constitutional issue, the supreme court has instructed that the reviewing court should treat the trial court's good cause findings "the same way we treat any other findings of ultimate fact challenged on appeal" and "leave the finding undisturbed only where there is in the record substantial, credible evidence from which it may fairly have been made." Folk v. State, 576 So.2d 1243, 1247 (Miss. 1991). The circuit judge articulated his findings of fact and applied them to the Barker factors at the hearing on Elder's motion to dismiss. We address the Barker factors again on review.

A. Length of delay
¶ 10. Elder argues that his constitutional right to a speedy trial was denied because 1304 days elapsed from the date of his arrest until his trial. The supreme court has held that the right to a speedy trial under the United States Constitution attaches immediately upon the defendant's arrest. Box v. State, 610 So.2d 1148, 1150 (Miss.1992). A delay of more than eight months is presumptively prejudicial. Spencer v. State, 592 So.2d 1382, 1387 (Miss.1991); Smith v. State, 550 So.2d 406, 408 (Miss.1989). However, this presumption can be rebutted when balanced by the remaining factors. Handley v. State, 574 So.2d 671, 676 (Miss.1990). As 1304 days elapsed between the arrest and the trial, the delay in the present case is presumptively prejudicial.

B. Reason for delay
¶ 11. Of the 1304 days between the date of arrest and trial, Elder argues that 888 of those should be attributed to the State. Elder acknowledged that the court's continuance in early 1994 and its initial motion for a psychiatric evaluation followed by Elder's 281 day avoidance of the judgment nisi against him should not accrue against the State. The State acknowledged that the first 126 days between the arrest on February 19, 1993, and the scheduling order on June 25, 1993, were attributable to the State.
¶ 12. The first issue of contention between the parties arises over the period between June 25, 1993, and January 24, 1994. Elder was released on bond on June 4, 1993. In the court's scheduling order of June 25, 1993, the circuit court allowed Elder time for discovery and to negotiate and consider a plea agreement. Elder was to decide how to plea by August 27, 1993, and would be arraigned in September if he decided to plead guilty. If Elder elected to plead "not guilty," he would be required to appear before the court "on the date specified in the Announcement Form to be arraigned, to set a motion date, if needed, and to set a trial date."
¶ 13. On October 29, 1993, Elder waived arraignment and plead not guilty. The trial date was set for January 24, 1994, less than three months from the time of the arraignment. The State asserts that Elder did not want a trial setting earlier than January 24, 1994. While Elder does not dispute that assertion, we have no record evincing Elder's wishes regarding the initial trial setting. However, we refrain from attributing this delay to the State. Elder could have entered his not guilty plea earlier, and the scheduling order was not unreasonable. The schedule allowed the parties adequate time to prepare *544 for trial without permitting inefficiency or inordinate delay.
¶ 14. When the date for trial arrived, Elder's counsel withdrew, and the court granted a continuance and within three days, re-set the case for trial on March 7, 1994. On March 7, the court granted the defense another continuance to allow further trial preparation and re-set the trial for July 5, 1994. After five months of continuances granted to allow the defense to prepare, Elder filed a motion to dismiss for the State's failure to give him a speedy trial and a motion for mental examination. The court entered an order on July 12, 1994, instructing Elder's attorney to schedule an appointment at the Mississippi State Hospital at Whitfield for a psychiatric evaluation.
¶ 15. After Elder failed to appear as required, the circuit court entered a judgment nisi against Elder on November 14, 1994. The court allowed a substitution of counsel on March 20, 1995. Although Elder made himself unavailable to the court for some time, he was arrested for another crime on April 25, 1995. As a result of Elder's continuances and failure to appear, the time between January 24, 1994, and April 25, 1995, is properly attributed to Elder.
¶ 16. After Elder was recaptured, the court again ordered a psychiatric evaluation to determine whether Elder was fit to stand trial. The order was rendered on May 8, 1995, and the court instructed the district attorney's office to schedule the appointment. Elder maintains that the "State did not do one thing" to expedite this evaluation, which did not occur until almost a year later on May 2, 1996. The supreme court has directed that negligence by the State which causes delay should be weighed against the State, but not so heavily as deliberate delay tactics. Perry v. State, 637 So.2d 871, 875 (Miss. 1994). In the present case, the record does not reflect any deliberate procrastination by the State, and the trial court noted that the time should not be counted against the State because the process for obtaining psychiatric evaluation is typically protracted and because the process required the defendant's cooperation in preparing for the evaluation. Furthermore, time set aside for a psychiatric evaluation does not weigh against the State. Giles v. State 650 So.2d 846, 851 (Miss.1995); see Simmons v. State, 678 So.2d 683, 685 (Miss.1996). We agree with the trial court's finding that this delay resulted from Elder's motion for psychiatric evaluation and that the time is not attributable to the State because the clock was tolled pending the evaluation.
¶ 17. When tolling the clock for the continuances, the defense attorney substitutions, the psychiatric evaluation, and Elder's skipping bond, we find that, at most, 265 days may be charged against the State in determining the speedy trial issue. During the final 139 days which followed the psychiatric evaluation, Elder changed lawyers again on June 4, 1996, and any delay resulting from the substitution of counsel is attributable to the defense.

C. Defendant's assertion of his right to a speedy trial
¶ 18. Elder filed a motion to dismiss for the State's failure to grant a speedy trial on June 30, 1994. He demanded a speedy trial on February 26, 1996, and filed another motion to dismiss on July 12, 1996. After the trial, Elder filed a motion to dismiss on November 1, 1996. On December 23, 1996, Elder filed a motion to dismiss, claiming that the circuit judge exercised dilatoriness. After substituting new counsel again, Elder argued in his motion for JNOV or new trial that the court erred in overruling his motion to dismiss based upon the speedy trial objection.

D. Prejudice to the defendant
¶ 19. Elder claims that the numerous delays prejudiced his case. The supreme court has held that prejudice is assessed in the speedy trial context (1) to protect *545 against oppressive pretrial incarceration, (2) for the minimization of anxiety and concern of the accused, and (3) for the limitation of the possibility of impairment of the defense. Hughey v. State, 512 So.2d 4, 11 (Miss.1987). We note that defendant's incarceration after April 1995 was caused by his skipping bond and other unrelated offenses. In a Texas case, the Fifth Circuit suggested that a criminal defendant cannot adequately claim anxiety due to detention if the incarceration results from another unrelated offense. Russell v. Lynaugh, 892 F.2d 1205, 1215 (5th Cir.1989). That court reasoned that the defendant would be incarcerated even if not awaiting trial for the subject case. Id.
¶ 20. Elder has not claimed that the delay in any way impaired his defense. The possibility of impairment of the defense is the most serious consideration in determining whether the defendant has suffered prejudice as a result of delay. Hughey, 512 So.2d at 11. The trial court determined that no substantive prejudice resulted from the delay because the same defenses remained available that were originally available to the defendant. As the entire drug transaction was recorded on a video tape that was viewed by the jury, Elder's potential defenses were limited, and no real impairment can be claimed in this case. Therefore, we opine that Elder suffered no prejudice as a result of the delay.

E. Conclusion
¶ 21. Having applied the Barker factors to the facts and circumstances of the present case, we find that Elder's constitutional and statutory rights to a speedy trial were not violated. Consequently, we decide this issue adversely to Elder.

II. Was the verdict of the jury against the overwhelming weight of the evidence?
¶ 22. The standard of review for claims that the verdict is against the overwhelming weight of the evidence provides that a new trial will not be ordered unless the reviewing court is convinced that "the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Johnson v. State, 642 So.2d 924, 928 (Miss.1994); Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Furthermore, the reviewing court will only reverse and grant a new trial if it finds that the trial court abused its discretion in denying a new trial. Wetz v. State, 503 So.2d 803, 812 (Miss.1987); Catchings v. State, 684 So.2d 591, 600 (Miss.1996). For the appellate court to uphold the verdict of the jury, all that is required is that a factual dispute was presented to the jury for determination. Groseclose, 440 So.2d at 300.
¶ 23. In his argument, Elder also challenges the sufficiency of the evidence. The sufficiency of the evidence is challenged by motions for directed verdict or judgment notwithstanding the verdict. McClain v. State, 625 So.2d 774, 781 (Miss. 1993). In determining sufficiency, credible evidence must be viewed in the light most favorable to the verdict and must be accepted as true. Wetz, 503 So.2d at 808. The reviewing court will reverse only "where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." Id.
¶ 24. Elder makes no factual claim in his brief indicating why the jury verdict was in error. The jury viewed the videotape of the drug transaction while the defendant was in the courtroom. The jurors saw the individual selling cocaine on the tape and heard the individual introduce himself to the undercover officer as "Ray." Viewing this evidence in the light most favorable to the State, we hold that the evidence was sufficient, and the verdict was not against the overwhelming weight of the evidence. Therefore, we affirm the jury's verdict.
¶ 25. THE JUDGMENT OF THE SECOND JUDICIAL DISTRICT OF THE *546 HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF TRANSFER OF A CONTROLLED SUBSTANCE AND THE SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.
THOMAS, J., NOT PARTICIPATING.
NOTES
[1] Investigator Pevey testified that "twenty" was the street slang term for twenty dollars' worth of crack cocaine.