KING, P.J.,
for the Court.
¶ 1. Mitchell Alfred was convicted in the Circuit Court of Marion County of the sale of cocaine within 1500 feet of a church. Aggrieved by the conviction, Alfred has appealed and raised the following issues for this Court’s resolution: (1) whether the trial court erred by not requiring the State to offer race-neutral reasons for its exercise of peremptory challenges against Black veniremen and (2) whether the trial court committed error in denying Alfred’s requests for a directed verdict and peremptory instruction and whether the verdict was against the weight and sufficiency of the evidence.
¶ 2. Finding no prejudicial error, this Court affirms.
FACTS
¶ 3. On March 2, 1999, members of the Pearl River Basin Narcotics Task Force were conducting undercover operations in Columbia, Marion County, Mississippi. Agent Donna Davis, traveling in a vehicle equipped with an audio transmitter and a video recorder, was given twenty dollars in agency funds to attempt a drug purchase. Commander Mike Cooper and Agent Heather Miller followed in the surveillance vehicle and recorded the audio transmission.
¶ 4. Agent Davis made contact with Alfred, which was captured by the video recorder. However, the angle of the video recorder precluded seeing the hands of Agent Davis or Alfred, and as a result no physical exchange of any sort between Agent Davis and Alfred appears on the video.
¶ 5. Aggrieved by his conviction and sentence, Alfred filed this appeal.
Resolution of Issues
I.
Whether the trial court erred by not requiring the State to offer race-neutral reasons for its exercise of peremptory challenges against Black veniremen.
¶ 6. Alfred complains that the State exercised its peremptory challenges to exclude blacks from the jury. The jury which heard Alfred’s case was selected from the first twenty-four veniremen. The record reflects that of these twenty-four veniremen, six were Black. Of these six Black veniremen, three were challenged for cause, two were peremptorily chai- *863 lenged by the State and one was selected for jury duty.
¶ 7. At the outset of considering this issue, this Court notes that the exercise of challenges for cause is not normally impacted by Batson. Underwood v. State, 708 So.2d 18 (¶ 30) (Miss.1998).
¶ 8. Upon reviewing this information, and noting that the State peremptorily challenged two-thirds of the Black veniremen in this group, this Court, by order dated October 9, 2001, directed the trial court to conduct a Batson hearing, and certify the results of that hearing to this Court. That hearing was held on October 29, 2001, and that record has been provided to this Court. At that time, the State gave its reasons for the exercise of challenges against the two Black veniremen, Nervie Franklin and Patricia Peters.
¶ 9. As to Nervie Franklin, the State gave as its reason her failure to respond when asked, “Is there anyone on the jury, any of your family or close personal friends, have they ever been charged with a felony or are they charged with a felony that the District Attorney’s Office would have prosecuted?” According to the prosecutor, a law enforcement officer had informed him that Mrs. Franklin’s son had been arrested several times and her family had generally had problems with law enforcement officers. Other than the defendant’s remark, “She ain’t got a son old enough,” no effort was made to rebut this. The failure of a veniremen to respond to a relevant question may be taken as a sign of possible bias and is a facially race-neutral reason for the exercise of a peremptory challenge. Collins v. State, 691 So.2d 918, 927-28 (Miss.1997).
¶ 10. As to the other Black veniremen, Patricia Peters, the State said:
Patricia Ann Peters said that she works on the night shift, she worked the night before the trial. And had come to there from — she had just finished working, came there and she was suppose to work that night. We did not feel that she would be attentive from watching her during the voir dire, concerned with her sitting on the jury that she had worked all night.
[[Image here]]
From watching her during the voir dire and she said she had not — she worked the night shift before and not slept, we observed her and thought she would not be that attentive.
The State appears to have embellished Ms. Peters’ response in setting forth the reason for its challenge.
¶ 11. The entirety of the question and answer from Ms. Peters on this matter is as follows:
Q: Anyone here work at night, work on the night shift? Okay. On row one?
[[Image here]]
Q. Ms. Peters?
A. Uh-huh (indicating yes).
Q. Did you work last night?
A. Yes.
Q. Okay. Is that going to cause a problem for you today?
A. No, sir.
Q. The fact that you worked last night, you could still stay alert and listen today and make a decision on what you hear?
A. Yes, sir.
The record of Ms. Peters’ voir dire is inconsistent with the State’s representation. The State has embellished the information contained in the record as its relates to Ms. Peters. While this embellishment is a matter of concern to this Court, it is not sufficient, given the totality of circumstances to reverse on this issue.
*864 II.
Whether the trial court erred by denying Alfred’s motion for a directed verdict, motion for peremptory instruction of not guilty and whether the verdict was against the overwhelming weight of the evidence.
¶ 12. Alfred’s second assignment of error combines three issues: denial of a directed verdict, denial of a peremptory instruction, and that the verdict is against the weight of the evidence. In sum, Alfred argues that there was insufficient evidence to convict him. He argues that because the videotape does not show an exchange of cocaine for money, the State has failed to make its case.
¶ 13. When considering a challenge to the sufficiency of the evidence, we are obligated to view the credible evidence in the light most favorable to the verdict and accept that evidence as true, Elder v. State, 750 So.2d 540 (¶23) (Miss.Ct.App.1999). We will only reverse when no reasonable and fair-minded juror could have found the accused guilty. Id.
¶ 14. Donna Davis, the undercover agent, testified that she purchased cocaine from Alfred. She identified the item which she purchased from Alfred, after which that item was identified as cocaine by Timothy P. Gross, a forensic scientist with the Mississippi Crime Laboratory.
¶ 15. This evidence has not been shown to be incredible. Therefore accepting it as true, this Court concludes that a reasonable and fair-minded juror could have found Alfred guilty.
¶ 16. We therefore affirm Alfred’s conviction.
¶ 17. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT OF CONVICTION OF SALE OR TRANSFER OF COCAINE IN A CHURCH ZONE, SECOND AND SUBSEQUENT OFFENDER, AND SENTENCE OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THIRTY YEARS TO SERVE AND THIRTY YEARS SUSPENDED ON POST RELEASE SUPERVISION AND A FINE OF $174 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.