THOMAS, J.,
for the Court.
¶ 1. Michael Bates was convicted in the Circuit Court of Hinds County of possession of cocaine and was sentenced to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections. Aggrieved, he asserts the following issues on appeal:
I. THE APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL.
II. THE TRIAL COURT ERRED WHEN IT SUBMITTED THE WHOLE VIDEOTAPE INTO EVIDENCE.
FACTS
¶ 2. Shortly before 4 a.m. on the morning of December 13, 1998, Officer Ricky Richardson conducted a traffic stop on a vehicle for running a red light. Officer Richardson began recording on the camera in his cruiser as he pulled up behind the vehicle. The driver of the vehicle, Donald Hickman, exited the car and approached the police cruiser. Richardson informed Hickman why he had been stopped and placed him in the back seat of the police car. Richardson then noticed movement in the vehicle Hickman had been driving. Richardson approached the vehicle and looked into the driver’s side window with his flashlight. According to Richardson, he saw Michael Bates, the passenger in the vehicle, trying to get a cellophane-wrapped package out of a black bag and hide it under the front seat. Richardson returned to his vehicle and called for backup before removing Bates from the vehicle and placing him in the back of the police car.
¶3. After placing Bates in his cruiser, Richardson searched the vehicle and seized a cellophane-wrapped package from underneath the front passenger seat which was later determined to contain a little more than two pounds of cocaine. Other officers arrived and obtained a black bag, a handgun, and other miscellaneous items from the vehicle which had been occupied by Hickman and Bates. Much of what transpired was captured on video by the camera in Richardson’s cruiser.
¶ 4. Bates was charged with possession of more than thirty grams of cocaine. He was indicted for the offense on February 12, 1999, approximately sixty-one days after his arrest. Bates was arraigned on December 14, 1999. The first trial was set to occur on October 12, 1999, approximately 242 days after indictment. Hickman *7 moved for a continuance which was granted by the trial court. Bates did not object. Trial was again set for December 2, 2000. Hickman again moved for a continuance which was granted by the trial court. Again Bates did not object. Up until December 6, 1999, Bates was represented by the Hinds County Public Defender’s Office. After that date, Bates was represented by his present counsel. Trial was set for February 5, 2000. Hickman once again moved for and obtained a continuance, and again Bates made no objection or demand for trial. On June 13, 2000, Bates moved to dismiss the indictment on the ground that his constitutional rights to a speedy trial were violated. The trial court denied Bates’ motion on September 25, 2000, and trial commenced two days later on September 27, 2000.
¶ 5. At trial, the evidence presented against Bates consisted of the testimony of Officer Richardson, along with the physical items seized at the time of Bates’ arrest, and portions of the videotape which were allowed into evidence along with Richardson’s testimony. Bates did not testify in his own defense. Bates objected to and the Court sustained admitting parts of the videotape on grounds that it showed other crimes or bad acts including a search of Bates in which Bates acknowledged possession of a small amount of cocaine found in the pocket of his jacket. During jury deliberations, the jury requested to be allowed to review the videotape again. The defense requested that a redacted copy of the videotape be given to the jurors. The State requested that a bailiff be given the time marking the admissible portion of the video and have the bailiff stop the tape at that point. Over an objection by the defense, the trial court allowed the jury to review the videotape, apparently with the bailiff having control as requested by the State and with an instruction not to view past a certain point.
¶ 6. Shortly after viewing the videotape, the jury returned with a guilty verdict. Bates moved for a judgement notwithstanding the verdict or, in the alternative, a new trial, claiming that by allowing the jurors to watch the videotape the court had submitted extraneous prejudicial information. In response to Bates’ claim, the State submitted the affidavits of two jurors which stated that the jury did not watch the videotape past the point in time at which the package of cocaine was retrieved from the car, much earlier than the point objected to by Bates. The trial court denied Bates’ motions. Bates then perfected an appeal to this Court.
ANALYSIS
I. WAS THE APPELLANT DENIED HIS RIGHT TO A SPEEDY TRIAL?
¶ 7. Bates asserts that he was denied his constitutional right to a speedy trial but does not advance a statutory claim under Mississippi Code Annotated Section 99-17-1 (Rev.2000). Bates was arrested on December 13, 1998, but was not tried until September 27, 2000. Bates made a motion to dismiss the indictment on this account on June 13, 2000, which was denied by the trial court on September 25. Trial commenced two days later.
¶ 8. The time between arrest and trial amounts to 654 days, and the time between arrest and the filing of the motion to dismiss on account of violation of the right to a speedy trial was 548 days. Both being well in excess of eight months, the delay is presumptively prejudicial to the accused and is sufficient to require consideration of the factors set forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Skaggs v. State, 676 So.2d 897, 900 (Miss.1996). These factors are (1) the length of delay, (2) the reasons *8 for the delay, (3) assertion of the right to a speedy trial, and (4) prejudice to the defense. Herring v. State, 691 So.2d 948, 955 (Miss.1997) (citing Barker, 407 U.S. at 529, 92 S.Ct. 2182).

1. Length of Delay

¶ 9. As previously stated, the considerable delay of 654 days is a strong indication that there may have been a violation of Bates’ constitutional right to a speedy trial. This factor weighs in Bates’ favor.

2. Reasons for delay

¶ 10. Bates asserts that there are no valid reasons that the State could present to the trial court for the delay. The prosecution, however, pointed out several reasons which were uncontested by Bates. Hickman and Bates were indicted jointly for the crime at bar and neither moved for severance. An initial trial date was set for October 12, 1999, well under a year after indictment, but was moved due to a continuance requested by Bates’ co-defendant Hickman. Bates did not object, move for severance, or demand trial. Trial was again set for December 2, 1999, but was moved again due to a continuance by Hickman. Again Bates did not object, move for severance, or demand trial. Bates was represented until December 6,1999, by the Hinds County Public Defender’s Office. After that date, he was represented by his present counsel. Trial was set once again for February 5, 2000, and again Hickman was granted a continuance.
¶ 11. The period of time between arrest and indictment, sixty-one days, counts against the State but is reasonable. Collins v. State, 817 So.2d 644, 653 (Miss.Ct.App.2002). Bates asserts that the continuances are not attributable to him -and should not count against him. In Flores v. State, 574 So.2d 1314 (Miss. 1990), the Mississippi Supreme Court did hold that continuances granted one co-defendant would not be weighed against another co-defendant in that case who had not also moved for the continuances. However, the court held that the continuances were not granted for “good cause.” Flores, 574 So.2d at 1321. Also, Flores can be distinguished from the case at bar because one of the co-defendant’s in Flores moved for severance within a month of being indicted. Flores, at 1317. Generally, if a continuance is granted to a co-defendant for good cause, it operates as a good cause delay as to a jointly charged defendant. Horton v. State, 726 So.2d 238, 246(¶ 32) (Miss.Ct.App.1998). Since Bates did not move for severance, demand a speedy trial, object to the continuances granted, nor provide any evidence that the continuances were not granted for “good cause,” the time must count against him.
 ¶ 12. Between the last continuance granted and the actual trial date was a period of 235 days. This period was caused by various discovery and other motions including those filed by Bates. Some of those required a hearing and consideration by the trial court, such as his motion to dismiss the indictment for lack of a speedy trial on June 13, 2000, 106 days before trial began. “It is well-settled law in the State of Mississippi that when most of the delay in a case is attributable to the many continuances and changing of attorneys by the defense, this factor will weigh against the defense in the balancing test.” Sharp v. State, 786 So.2d 372, 380-81 (¶ 17) (Miss.Ct.App.2001) (citing Elder v. State, 750 So.2d 540, 543-44 (Miss.Ct.App.1999)). This factor weighs against Bates.

8. Demand for trial

¶ 13. There is no evidence that Bates ever demanded trial. He only moved to dismiss the indictment against *9 him on account of the alleged denial of his right to a speedy trial, but the motion did not constitute a demand. Perry v. State, 637 So.2d 871, 875 (Miss.1994). The State bears the burden of bringing a defendant to trial. Ross v. State, 605 So.2d 17, 24 (Miss.1992); Flores, 574 So.2d at 1321. However, the assertion of one’s right to a speedy trial weighs more heavily in one’s favor than not asserting it. Jaco v. State, 574 So.2d 625, 632 (Miss.1990). This factor weighs against Bates.

k- Prejudice

¶ 14. The only prejudice argued by Bates during his motion was that he had been incarcerated since his arrest. After trial, Bates attempted to allege that there were several more witnesses he might have called to testify had the trial occurred sooner. In a post-trial hearing, Bates testified that he was not guilty of the felony of which he had been convicted and that he had not told his attorneys previously about the witnesses he might have had. Despite the fact that Bates’ claim of new witnesses came too late, Bates’ testimony only stated that the witnesses could have testified to Bates’ actions at the club where he worked before he was arrested. They could not, however, testify as to what occurred after Bates and Hickman left the club. Their testimony would therefore be irrelevant and would not refute the evidence against Bates provided by the prosecution. The only evidence therefore shown by Bates was his incarceration. Pre-trial incarceration is insufficient to establish Barker prejudice. Moore v. State, 837 So.2d 794, 799(¶ 12) (Miss.Ct.App.2003). Although there is a presumption of prejudice resulting from a delay of more than eight months, a defendant must still show actual prejudice in order to obtain relief. DeLoach v. State, 722 So.2d 512, 518(¶23) (Miss.1998). Absent evidence of actual prejudice to a defendant’s defense, egregious unexplained delay, or delay intentionally caused by the State, this factor weighs against Bates.

5. Balance

¶ 15. The delay of 654 days itself is not so egregious itself as to require a finding of a denial of a right to speedy trial. Bingham v. State, 755 So.2d 426 (Miss.Ct.App.1999) (640 day delay). Balancing the factors above, Bates was not denied his constitutional right to a speedy trial. This issue is without merit.
II. DID THE TRIAL COURT ERR WHEN IT SUBMITTED THE WHOLE VIDEOTAPE TO THE JURY DURING DELIBERATIONS?
¶ 16. Bates asserts that the jurors may have seen portions of the videotape which were not admitted into evidence. The video admitted into evidence was stopped at a point after the package was retrieved from under the passenger seat of the car. This point was selected so that the jury would not see the discovery of a small amount of cocaine in Bates’ jacket pocket. During deliberations, the jury requested a second viewing of the tape. Bates’ objected to the second viewing on grounds that the jurors might have seen images on the tape that had not been admitted into evidence. The trial court overruled Bates’ objection.
¶ 17. Bates did not support his assertion with affidavits, testimony, or other evidence. The trial court indicated that if there was proof that the jurors watched or listened to some part of the video that had not been admitted, a new trial would have to be ordered. The prosecution submitted the affidavits of two jurors which stated that the jury did not watch the videotape past the point in time *10 at which the package of cocaine was retrieved from the car, much earlier than the point objected to by Bates. Bates now asserts that the affidavits of the jurors should not have been received, although he failed to object to the admissibility of the affidavits at trial. The affidavits revealed nothing more than that the videotape was turned off after the cocaine was retrieved from beneath the passenger seat of the vehicle previously occupied by Hickman and Bates. Bates argues that the trial court selected an improper stopping point at trial, but again he did not object to the stopping point selected by the trial court at trial. These issues are therefore not properly before this Court. Watts v. State, 828 So.2d 835, 842(¶ 18) (Miss.Ct. App.2002).
¶ 18. Bates had the burden of proof to demonstrate that the jury had in fact watched portions of the video not admitted into evidence. Bates offered no evidence to support his assertion. The State points out that even if the jury had seen the part of the tape held to be inadmissible, it would have been non-prejudicial. The small amount of cocaine was found on Bates incident to his arrest. The fact that Bates had a small amount of cocaine in his pocket and over two pounds at his feet cannot be seen as the commission of separate criminal acts and therefore is not subject to Mississippi Rules of Evidence 404. As part and parcel of the possession for which Bates was charged, even if the video had been viewed in its entirety, no prejudice would have occurred and any error would have been harmless. This issue is without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION.